A. McLamore, Executor, v. J. Heffner, Administrator.

1. The owner of land certificates delivered them to a land locator, on a contract between them that the latter should locate them and obtain the patents at his own expense, and should receive as compensation one-half of the land. After locating part of one of the certificates, and obtaining patent thereon, the locator died, and the unlocated certificates passed into the hands of his administrator, who refused to surrender them to the owner, and claimed the right to complete the contract of his intestate, on the terms stipulated. *Held*, that the contract was a bailment and agency, based on a personal trust and confidence, and was rescinded by operation of law on the death of the locator; and that his personal representative had no right to complete the contract, unless with the express consent of the owner.

2. So far as the contract had been executed in the lifetime of the locator, his administrator has a right to enforce its stipulations, and to recover for

the locator's estate the stipulated locative interest in the land located; but if the administrator, against or without the consent of the owner, proceeded to make locations, he did so in his own wrong, and is entitled to no compensation, either for his own benefit or that of his intestate's estate.

Error from Panola. Tried below before the Hon. J. B. Williamson.

This suit was brought in 1856, by Matthew Brinson, the testator of the plaintiff in error, against James Heffner, who was the administrator of Joshua T. Gill, who in his lifetime was engaged in the business of locating lands for other persons.

In 1845 and 1848, Brinson delivered to Gill several land certificates, for location " on the shares," but only two hundred acres, under one of them, were located and patented in Gill's lifetime. The unlocated certificates passed into the hands of Heffner, his administrator, who refused to give them up to Brinson, and claimed the right to locate them in compliance with the contract of his intestate. The charge of the court below to the jury recognized such a right in Heffner, as administrator of Gill; and the jury found some nine hundred dollars in favor of the defendant, and one hundred and eighty-six in favor of the plaintiff.

Brinson died in 1865, and the plaintiff in error, as his executor, prosecuted the suit. The judgment below being for the defendant, and a new trial being refused, he brings his writ of error.

*Field & Clements*, for plaintiff in error.

*Poag & McKay*, for defendant in error.

Lindsay, J.—The action in this case was instituted for the recovery of unlocated certificates for land; which certificates had been delivered by the testator of the plaintiff in error to the intestate of the defendant in error under a written contract, that

the bailee of the certificates was to locate the land, paying all expenses, and to receive for such services a stipulated portion of the land, when they were so located. A portion of the land called for in one of the certificates was located by the bailee in his life time. Nothing was done in locating the residue of this certificate, nor was any location made of the others; and upon the death of the bailee, the certificates came to the hands of his administrator, of whom they were demanded, and against whom this suit was instituted for their recovery.

The administrator claimed the right of performing the contract entered into by his intestate in his life time, to locate the lands for him, and to appropriate the indemnity stipulated in the agreement. Upon the trial of the cause, his right to do so was admitted by the court, and so given in charge to the jury. This was error for which the judgment must be reversed, and a new trial awarded.

This delivery of the certificates and contract for the location of the land were a bailment and an agency, which necessarily ceased, and were revoked by operation of law, upon the death of the agent and mandatory. The administrator, or personal representative of the agent, had no authority to fulfill and perform the contract, unless with the express consent of the mandator and principal of the deceased agent. This consent was not given; since the testimony showed, that upon the death of the agent the unlocated certificates were demanded of the administrator, which he refused to surrender. By the death of the agent, it became practically impossible for the completion of the agency; and the law, presuming that the confidence and trust were reposed in the personal character and skill of the agent, will not extend the agency to the personal representative. If the administrator, therefore, attempted, or did actually make the location, in defiance of the remonstrance and protest of the owner of the certificates, he did it in his own wrong, and can claim no benefit or remuneration

for such action, either for himself or for the estate of which he was the representative.

So far as the contract for location had been carried out by the intestate in his lifetime, the administrator has the equitable right to enforce its stipulations, but no farther. His intestate is entitled to a locative interest, under his contract, in the tract of land which was located in his lifetime. And he might be entitled, under a proper state of pleading, to a credit for the value of the mule which he received from the intestate. But he can claim no interest in the unlocated certificates, or in any lands which may have been located under them since the death of the intestate.

The judgment of the court below is reversed and remanded, and the cause ordered to be retried, in accordance with the principles of this opinion.

Reversed and remanded.